[Civ. No. 9339.   Third Dist.   Sept. 10, 1958.]

ROBERT CRIMMINS, Appellant, v. RALPH L. SMITH LUMBER COMPANY et al., Respondents.

Halpin & Halpin and Halpin, Halpin & Leep for Appellant.

Chenoweth & Leininger, Webster V. Clark and Rogers & Clark for Respondents.

PEEK, Acting P. J.—Plaintiff, as business agent of Local 13-433 CIO-IWA, brought this action for damages on behalf of all of the members of the union and on his own behalf, against defendant Ralph L. Smith Lumber Company and

certain of its agents for breach of a collective bargaining agreement. Defendants' demurrer to the second amended complaint, as amended, was sustained without leave to amend upon counsel's statement that no further amendment would be filed, and a judgment of dismissal was thereafter entered.

The allegations of the second amended complaint, as amended, pertinent to the issues on appeal were that the union and the lumber company were parties to a collective bargaining agreement which in part provided, in Article IIA thereof, that:

"The National Labor Relations Board having certified that a majority of the employees have voted to authorize the Union to seek a clause requiring membership in the Union as a condition of employment, the following clause shall become a part of this agreement:

" 'Within 30 days from the effective date of this clause or within 30 days after employment, every employee represented by the Union, as a condition of employment, shall become and remain a member of the Union. This clause is subject to the terms and provisions of section 8 of the Labor Management Relations Act, 1947.' "

The complaint further alleged that on October 18, 1954, Charles R. Hatfield was employed by defendant company as a choke setter, a position coming within the bargaining unit represented by the union; that on May 6, 1955, the union requested in writing that the company discharge Hatfield, but that it unlawfully refused said request; that on May 17, 1955, after a second request by the union, Hatfield was discharged; that defendants' failure to discharge Hatfield from November 18, 1954, to May 17, 1955, was the proximate cause of plaintiff's damages which were alleged to be (a) loss of dues and initiation fee from November 18, 1954, to May 17, 1955, in the amount of $36; (b) loss of services of Hatfield in the amount of $10,000; and (c) $10,000 damages caused by defendants' breach, in that the union was weakened and made to seem without economic power and thus unable to deal effectively for the economic betterment of its members. Plaintiff further alleged that Hatfield refused to become a member of the union during the period he was employed by the defendant company.

By the amendment to the second amended complaint, plaintiff further alleged that defendants knew that the question of Hatfield's joining the union was of great importance to the members of the union, to the general public and to other em-

ployers in the area; that it had become a matter of common knowledge, known to defendants, that the union needed the services of Hatfield as a member on or before May 5, 1955, in order to negotiate successfully with defendants for better wages and working conditions during the years 1955 and 1956; that defendants knew that if said union was unsuccessful in bringing about the immediate discharge of Hatfield after his refusal to join the union on or before May 5, 1955, the union would not be in a position to secure economic conditions of benefit to said membership; that with knowledge of said facts the defendants deliberately and intentionally refused to discharge Hatfield immediately upon the lawful demand of May 5 and refused to require him to join the union on or before May 5, but instead informed him that he did not have to join the union; and that because of the alleged facts, Hatfield as an individual had a unique value to said union during the period from November 18, 1954, to May 5, 1955.

Section 8 of the federal act, specifically incorporated in the agreement of the parties, provides in part:

". . . That no employer shall justify any discrimination against an employee for nonmembership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership."

Section 8(b) of the act provides:

"It shall be an unfair labor practice for a labor organization or its agents . . . (2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a) (3) [supra] of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership; . . ."

It is apparent from the express terms of the Labor Management Relations Act that the duty on the part of the employer to discharge an employee on demand of the union was conditioned upon the availability of membership in the union to the employee on the same terms and conditions as are avail-

able to other employees and the failure of the employee to tender initiation fees and dues. It is also apparent from plaintiff's complaint as summarized that there has been a failure to allege facts showing that all of the conditions precedent to the defendants' duty to discharge Hatfield have happened or have been excused. It necessarily follows that defendants' demurrer was properly sustained.

■ The allegation by plaintiff that defendants failed to require Hatfield to join the union could in no way be considered as an allegation of breach of the contract since under the incorporated statute, the employer is under no duty to require his employees to join the union. He is merely under a duty to discharge an employee who fails to join after a proper demand has been made by the union. (*Silva* v. *Mercier*, 33 Cal.2d 704, 707 [204 P.2d 609].)

In view of our conclusion that plaintiff's complaint is insufficient for the causes heretofore stated, it becomes unnecessary to discuss defendants' further contention that there is not sufficient causal connection between the breach and the damages alleged.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied October 2, 1958, and appellant's petition for a hearing by the Supreme Court was denied November 5, 1958.

---

*Assigned by Chairman of Judicial Council.